UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

M.A.C. and MILTON CAMPBELL,

      Plaintiffs,

    v.

INDEPENDENT SCHOOL DISTRICT 196,
and CHRIS ORR,

      Defendants.
_____

Civil No. 09cv0483 JNE/JJK

**REPORT AND RECOMMENDATION**

Plaintiffs commenced this action on February 27, 2009, by filing a self-styled complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined Plaintiffs' submissions, and determined that their complaint failed to state an actionable claim for relief. Therefore, in an order dated March 3, 2009, (Docket No. 5), the Court informed Plaintiffs that their IFP Application would "not be granted at this time." That order gave Plaintiffs an opportunity to file an amended complaint, and expressly advised them that if they did not file a new pleading within 30 days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiffs later filed a motion asking for an extension of the deadline to amend. (Docket No. 7.) That request was granted by a second order, dated March 24, 2009, (Docket No. 8), which extended the deadline for filing an amended complaint to July 1, 2009. The second order reiterated that Plaintiffs would have to file an amended

1

complaint, fully complying with all of the requirements of the prior order, and if they failed to do so in a timely manner, the Court would recommend that this case be summarily dismissed.

The extended deadline for filing an amended complaint has now expired, and Plaintiffs still have not complied with the Court's prior orders. It has now been more than four months since Plaintiffs initiated this action, and they still have not filed a viable pleading, nor have they offered any excuse for their failure to do so. Therefore, the Court will now recommend, in accordance with the prior orders entered in this matter, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, it is further recommended that Plaintiffs' pending IFP application, (Docket No. 2), and Plaintiffs' pending motion seeking "a pre-paid scholarship for tuition, books, and housing at the University, undergrad, plus Law/Grad School of [Plaintiff MAC's] choice in the United States," (Docket No. 6), be summarily denied without prejudice.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiffs' application for leave to proceed in forma pauperis, (Docket No. 2), be denied without prejudice;

2.  Plaintiffs' motion seeking "a pre-paid scholarship for tuition, books, and housing at the University, undergrad, plus Law/Grad School of [Plaintiff MAC's] choice in the United States," (Docket No. 6), be denied without prejudice; and

3.  This action be dismissed without prejudice.

Dated: July 7, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 20, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.